UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WISCONSIN PROVINCE OF THE SOCIETY OF JESUS,<br><br>Plaintiff,<br>V.<br><br>AUDREY F. CASSEM, THOMAS F. OWENS, II, TEACHERS INSURANCE AND ANNUITY ASSOCIATION-COLLEGE RETIREMENT EQUITIES FUND, doing business as TIAA-CREF; and NEIL KRANER, in his capacity as Temporary Administrator of the Estate of Edwin H. Cassem,<br><br>Defendants. | : | CIVIL NO. ___________________<br><br>SEPTEMBER 1, 2017 |

**COMPLAINT**

The Plaintiff, the Wisconsin Province of the Society of Jesus (the "Province"), by its attorneys, states as follows for its Complaint against Audrey Cassem, Thomas F. Owens, II, Teachers Insurance and Annuity Association-College Retirement Equities Fund ("TIAA-CREF"), and Neil Kraner, solely in his capacity as Temporary Administrator of the Estate of Edwin Cassem (collectively, the "Defendants"):

**PARTIES, JURISDICTION, AND VENUE**

1. The Province is a nonstock corporation organized under the laws of Wisconsin with a principal place of business in Chicago, Illinois. The Province is a subset of the Society of Jesus (the "Society"). The Society is a worldwide Roman Catholic order of priests, brothers and men in formation founded half a millennium ago. In the United States and Canada, the Society is organized into provinces or geographical regions,

each headed by a provincial superior appointed by the Superior General in Rome, Italy.[1] The Society of Jesus has nearly 17,000 priests, brothers, and men in formation called "Jesuits," worldwide, and is the largest male religious order in the Catholic Church.

2. This matter concerns the TIAA-CREF retirement accounts of Rev. Edwin H. "Ned" Cassem, S.J., M.D. ("Fr. Cassem") who died on July 2, 2015. Fr. Cassem was a lifelong Jesuit and member of the Wisconsin Province of the Society of Jesus.

3. The Defendant Audrey V. Cassem is the sister-in-law of Fr. Cassem and is a citizen and resident of West Hartford, Connecticut. She was married to Fr. Cassem's brother.

4. The Defendant Thomas F. Owens, II is the adult son of Audrey Cassem from a marriage that predated Audrey Cassem's marriage to Fr. Cassem's brother. Mr. Owens is a citizen and resident of West Hampton Beach, New York.

5. The Defendant Attorney Neil Kraner is the Temporary Administrator of the Estate of Fr. Cassem, which is pending in the Court of Probate, West Hartford Probate District (PD02) (the "Probate Court"). Attorney Kraner is licensed to practice law in Connecticut and maintains a law office at 23 Arts Center Court, Avon, Connecticut 06001. Attorney Kraner is named herein solely as a nominal defendant given his role as Temporary Administrator.[2]

6. The Defendant TIAA-CREF is a limited liability company duly organized and existing under the laws of the state of New York with a principal place of business currently located at 730 Third Avenue, New York, New York 10017.

---

[1] In 2017, the Wisconsin Province of the Society of Jesus and the Chicago-Detroit Province of the Society of Jesus combined operations to form the Midwest Jesuits, encompassing an area comprised of Wyoming, North Dakota, South Dakota, Nebraska, Iowa, Minnesota, Wisconsin, Michigan, Indiana, Kentucky, Ohio, and most of northern and eastern Illinois. The Wisconsin Province nonetheless remains a legal corporation.

[2] The Province originally raised its claims to the funds in the TIAA-CREF Accounts with the West Hartford Probate Court where the estate of Fr. Cassem remain pending. At a hearing on August 30, 2017 the Probate Court advised the parties that it determined that it lacked jurisdiction to consider those claims and that they should be decided in federal court.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties in this matter are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Alternately, this court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 28 U.S.C. § 1001, *et seq.*

9. This Court may properly maintain personal jurisdiction over the Defendants because the Defendants' contacts with this state are sufficient for the exercise of jurisdiction over the Defendants to comply with traditional notions of fair play and substantial justice.

10. Venue is properly laid in this court pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the acts giving rise to the claims set forth herein occurred in Connecticut.

## GENERAL ALLEGATIONS

11. Fr. Cassem was a lifelong Jesuit and member of the Province. Like many Jesuits who also maintain secular occupations, including as physicians, Fr. Cassem practiced as a psychiatrist in Massachusetts for several decades.

12. Like all Jesuits, Fr. Cassem, took three standard vows: chastity, poverty and obedience. The vow of poverty, specifically, includes the renunciation of the right to own property. This enables each Jesuit to live simply and promotes a feeling of empathy for the poor. Like Jesus and his disciples, Jesuit priests share possessions communally. Accordingly, a Jesuit turns over all after-acquired property to his province after taking his vows, and the province, in turn, provides for his wants and needs. Stated another way, by entering into the Society and giving his vows, Fr. Cassem entered into a community of priests and brothers who are mutually interdependent. Each member of the community relinquished title to personal property and

monies, turned over money and property for their common benefit, and, in return, received a living sustenance in the form of food, shelter, health insurance premiums, car payments and car insurance.

13. Fr. Cassem's **first vows,** which were taken in 1955, included a vow of poverty which required that all property (excluding patrimony) thereafter acquired would be acquired for the Jesuits and given to the Province. More importantly, Fr. Cassem's **final vows**, which were taken in 1985, include, among other things, a renunciation of his right to own, acquire or dispose of property.

14. Fr. Cassem's vocation as a Jesuit saw him become a medical doctor and a psychiatrist. At the urging of the Province, and with its full financial support and backing, he earned multiple degrees, including a medical degree from Harvard Medical School in 1966. He worked for much of his life as a psychiatrist at Massachusetts General Hospital, which included serving for over a decade as Chief of the Department of Psychiatry. He was also a professor at Harvard Medical School. In connection with these two positions, Fr. Cassem accumulated two retirement accounts with TIAA-CREF – the Massachusetts General Hospital Academic Annuity Plan (#102787), Contract No. A741815-3, and the Harvard University Retirement Plan (#100316), Contract No. P741815-0 (collectively, the "TIAA-CREF Accounts" or the "Plans").

15. Because Fr. Cassem's vows included a renunciation of his right to own property, he tendered his income, as he earned it, to the Province, and the Province, in turn, provided for his lifelong wants and needs.

16. In 1976, consistent with and as required by his vows, Fr. Cassem executed beneficiary designation forms with TIAA-CREF naming the Wisconsin Province as the beneficiary for the Retirement Accounts ("Original Beneficiary Designations").

17. At least as early as 2010, Fr. Cassem began to display symptoms of dementia, which symptoms became significantly worse over time. The following year, he moved into the West Hartford home of Audrey Cassem, and began to depend upon her, a trained nurse, for his care. At the same time, Audrey Cassem's adult son, Thomas Owens, obtained a Power of Attorney for Fr. Cassem. Fr. Cassem continued to live with Audrey Cassem until his death in 2015. He never married and had no children.

18. After Fr. Cassem's death, the Province learned that in or around January 2011, he purportedly executed a new beneficiary designation for the TIAA-CREF Accounts to remove the Province as the beneficiary and instead name (1) Audrey Cassem as the beneficiary and (2) Thomas Owens as the contingent beneficiary (the "Subsequent Beneficiary Designation").

19. As a contractual matter, by virtue of his vows, Fr. Cassem never owned the funds in the TIAA-CREF Accounts and thus, did not have the authority to designate a beneficiary in place of the Province. *See Order of St. Benedict of New Jersey v. Steinhauser*, 234 U.S. 640 (1914) (affirming the validity of agreements providing for community ownership with renunciation of individual rights of property during the continuance of membership in the community, where there is freedom to withdraw).

20. The Subsequent Beneficiary Designation is a highly suspicious transaction that contradicted the express vows that Fr. Cassem had lived his life by for decades. Fr. Cassem also lacked the requisite mental or legal capacity to make the Subsequent Beneficiary Designation. As a result, the Subsequent Beneficiary Designation is void and unenforceable and did not revoke the Original Beneficiary Designations that named the Province as the beneficiary of the TIAA-CREF Accounts.

21. The Subsequent Beneficiary Designation is also void and unenforceable because it was procured by the undue influence of Audrey Cassem. At the time that the Subsequent Beneficiary Designation was purportedly executed by Fr. Cassem, he was seventy five years old, suffering from dementia and severe cognitive impairment, residing alone with Audrey Cassem, a trained nurse whom he was relying upon for care, and living hundreds of miles away from any blood relatives. Fr. Cassem was, therefore, susceptible and subject to undue influence from Audrey Cassem, and she had the opportunity to and did in fact exert that undue influence over him with respect to the Retirement Accounts and his other financial matters. Thus, the Subsequent Beneficiary Designation is illegal and should be set aside or otherwise disregarded.

**COUNT ONE:**
**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 AND 2202**

1–21. Paragraphs 1 through 21 are hereby incorporated by reference as if fully set forth herein.

22. The Province, as the rightful beneficiary under the Plans, is entitled to a declaratory judgment that the Subsequent Beneficiary Designation is void and unenforceable and the Original Beneficiary Designations are valid and enforceable against the parties.

**COUNT TWO:**
**DECLARATION OF RIGHTS PURSUANT TO ERISA 29 U.S.C. § 1132**
**(In the Alternative)**

1–21. Paragraphs 1 through 21 are hereby incorporated by reference as if fully set forth herein.

22. The Province is entitled to a finding and conclusion by this Court that the Subsequent Beneficiary Designation is invalid and that the Province is the sole beneficiary of the TIAA-CREF Accounts.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays for the following relief:

A. That the Court declare that:

1. By virtue of his vows and based on *Order of St. Benedict of New Jersey v. Steinhauser*, 234 U.S. 640 (1914), Fr. Cassem never owned the funds in the TIAA-CREF Accounts and thus, did not have the authority to designate a beneficiary in place of the Province;

2. Fr. Cassem lacked the capacity to make the Subsequent Beneficiary Designation;

3. The Subsequent Beneficiary Designation was procured improperly by the undue influence of Audrey Cassem;

4. The Subsequent Beneficiary Designation is void, invalid, unenforceable or otherwise ineffective to revoke the Original Beneficiary Designations and/or any other designations naming the Province as the beneficiary of all TIAA-CREF funds accumulated by Fr. Cassem prior to his death;

5. That the designations naming the Province as the beneficiary of all TIAA-CREF funds accumulated by Fr. Cassem prior to his death, including the Retirement Accounts funds, are valid and enforceable in favor of the Province; and

6. The Province is the sole beneficiary of the Retirement Accounts and all other TIAA-CREF funds accumulated by Fr. Cassem prior to his death.

B. That the Court enter a Constructive Trust in favor of the Province as to all TIAA-CREF funds accumulated by Fr. Cassem prior to his death, including the Retirement Accounts funds; and

C. That the Court award such further and additional equitable relief as it may, in the exercise of its discretion, deem just and proper.

**PLAINTIFF,**

**WISCONSIN PROVINCE OF THE SOCIETY OF JESUS**

By /s/ *Gregory J. Bennici*

Edward J. Heath (ct20992)
Gregory J. Bennici (ct29698)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8206
E-mail: eheath@rc.com
gbennici@rc.com