UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WISCONSIN PROVINCE OF THE SOCIETY OF JESUS,** | : : | |
| Plaintiff, | : : | No. 3:17-CV-1477 (VLB) |
| v. | : : | March 19, 2019 |
| A. CASSEM, et al., | : : | |
| Defendants. | : : : : | |

## MEMORANDUM OF DECISION ON TEACHERS INSURANCE AND ANNUITY ASSOCIATION – COLLEGE RETIREMENT EQUITIES FUND COUNTERCLAIM FOR INTERPLEADER [DKT. 51]

Before the Court is a Counterclaim for Interpleader brought by Defendant Teachers Insurance and Annuity Association – College Retirement Equities Fund ("TIAA-CREF"). [Dkt. 51]. Plaintiff, Wisconsin Province for the Society of Jesus ("Wisconsin Province") filed an Amended Complaint on June 7, 2018, which disputed the beneficiary designation on two retirement accounts accrued by the late Fr. Edwin H. Cassem administrated by TIAA-CREF. *See* [Dkt. 44]. The Amended Complaint named as defendants Audrey Cassem, Thomas F. Owens II, Neil Kraner in his capacity as Temporary Administrator of the Estate of Edwin H. Cassem, and TIAA-CREF. [*Id.*]. TIAA-CREF requests the following relief: 1) Plaintiff and Defendants A. Cassem, Thomas Owens II, and Neil Kraner interplead their respective claims among themselves; 2) TIAA-CREFF shall hold the disputed funds a constructive stakeholder pending the resolution of the dispute; 3) TIAA-CREF shall comply with any final determination from the Court; 4) TIAA-

1

CREF shall be dismissed as a party; and 5) TIAA-CREF shall recover its costs, attorney's fees, and further just and proper relief. [Dkt. 51, at 17-18]. For the following reasons, TIAA-CREF's requested relief is GRANTED in part and DENIED in part.

## Background

Based on the extensive briefing on the motion to dismiss and the recent Order on the Motion to Dismiss [Dkt. 74], the court assumes general familiarity with the factual background and procedural posture of this case. The retirement accounts at issue in the Amended Complaint [Dkt. 44] are held by TIAA-CREF. [Dkt. 51, ¶¶ 62-67]. TIAA-CREF argues that it would be exposed to multiple liabilities if it were to distribute the funds without a court determination as to the primary beneficiary. [*Id.* at ¶ 69]. TIAA-CREF argues that it has not colluded with any of the parties and has no substantive interest in the outcome of the case. [*Id.* at ¶ 71]. Wisconsin Province denies that TIAA-CREF is entitled to attorney's fees and argues that TIAA-CREF must pay interest on the funds retained. [Dkt. 56 (Plaintiff's Answer to Defendant TIAA-CREF Counterclaim), at 3].

## Discussion

A. Interpleader

An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder form assessing which claim among many has merit." *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.,* 985 F.2d 677, 679 (2d

2

Cir. 1993). To resolve an action for interpleader, the Court first determines that the requirements of 28 U.S.C. § 1335 are met, and second the Court adjudicates the claims of the defendant claimants. *See New York Life Insurance Co. v. Connecticut Development Authority,* 700 F.2d 91, 95 (2d Cir. 1983). For the purposes of this filing, the Court considers only the first step.

28 U.S.C. § 1335 provides, in part, that the district court shall have original jurisdiction over a civil action if 1) the party filing the interpleader action has custody or possession of money, property, or other instrument of value or amount of $500 or more; 2) two or more claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, are claiming the property or the benefits of the property; and 3) the interpleader plaintiff has deposited such money or property into the registry of the court, or has given bond payable to the clerk of the court. 28 U.S.C. § 1335(a).

Whether an interpleader action is appropriate depends on whether the plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims" against the fund at issue. *Washington Elec. Coop., Inc.*, 985 F.2d at 679. This determination does not rest on the merits of the competing claims. *See John Hancock Mutual Life Ins. Co. v. Kraft¸* 200 F.2d 952, 954 (2d Cir. 1953) (holding that "[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim"). Thus, if both the jurisdictional requirements and the prudential requirements are met, the Court will discharge the stakeholder from liability. *New York Life Inc. Co.*, 700 F.2d at 95.

In the instant action, all of the requirements are met. Complete diversity exists under 28 U.S.C. § 1332 because Wisconsin Province is organized under the laws of Wisconsing with a principal place of business in Chicago, defendants A. Cassem and Thomas Owens II are citizens of Connecticut, and defendant Neil Kraner is the temporary administrator of Fr. Cassem's estate, which is pending in probate court in Connecticut. *See* [Dkt. 44, ¶¶ 2-6]. The funds at issue are valued at over $1.5 million. *See* [*Id.,* at ¶ 23]. Wisconsin Province and Defendants A. Cassem and Thomas Owens II all claim to be the appropriate beneficiary of the disputed funds, thereby exposing TIAA-CREF to potential liability. There is no indication that, as a neutral administrator of the plan, TIAA-CREF is independently liable to any claimant.

Judgment discharging the stakeholder in an interpleader action may, of course, be delayed or denied if there are serious charges that the stakeholder commenced the action in bad faith." *New York Life Insurance Co. v. Conn. Dev. Auth.,* 700 F.2d 91, 96 (2d Cir. 1983). Wisconsin Province does not claim that TIAA-CREF acted in bad faith. There is no evidence to doubt TIAA-CREF's assertion that it has not colluded with any parties and has no substantive interest in the outcome of the dispute.

### B. Deposit of Funds with the Court

TIAA-CREF asks to "hold the disputed fees as constructive stakeholder pending the resolution or judicial determination of the instant dispute." [Dkt. 51,

at 18]. The Court denies this request. The interpleader statute states that jurisdiction over an interpleader action is appropriate when

> "the plaintiff has deposited such money or property or has paid the amount of the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide by the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper."

28 U.S.C. § 1335(a)(1). Furthermore, money deposited with the Court must "be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Fed. R. Civ. P. 67(b). TIAA-CREF provides no basis to grant exceptions to these rules. Accordingly, TIAA-CREF must deposit the disputed funds with the Clerk of Court.

### C. Costs and Fees

In general, the court adheres to the "American Rule" regarding attorneys' fees – "the courts may not award counsel fees unless they determine that Congress so intended." *Alyeska Pipeline Service Co. v. Wilderness society,* 421 U.S. 240, 273 (1975). However, in an action for interpleader, a reasonable award of costs and fees is appropriate when the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Pub, B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). Still, "[t]he decision to award fees and costs … is left 'to the sound discretion of the district court.'" *Feehan v. Feehan,* Case No. 09-CV-7016 (DAB)(THK), 2011 WL 497852, at *6 (S. D. N. Y. Jan. 10, 2011) (quoting *Travelers Indem. Co. v. Israel,* 354 F.2d 488, 490 (2d

5

Cir. 1965)). Courts in the Second Circuit "have typically declined to award insurance companies attorney's fees and costs in interpleader actions." *Feehan*, 2011 WL 497852 at *7. Indeed, "conflicting claims to the proceeds of insurance policies are normal risks of the insurance business" and an insurance company brings an action for interpleader primarily in its own self-interest. *Unum Life Ins. Co. of America v. Scott*, Case No. 3:10-CV-538 (DJS) 2012 WL 233999 at *3 (D. Conn. January 24, 2012).

TIAA-CREF cites no fact or rule to persuade the Court that TIAA-CREF is entitled to attorneys' fees. There is no indication that TIAA-CREF incurred any "unique expenses" in filing this interpleader action that would exceed the ordinary cost of doing business. *See Metropolitan Life Ins. Co. v. Mitchell*, 966 F.Supp.2d 97, 105 (E.D.N.Y. 2013) (citing *Feehan*, 2011 WL 497852 at *8). As TIAA-CREF's role in this action did not require any unique or complex services, TIAA-CREF's request for costs and fees is denied.

## Conclusion

Having considered the Counterclaim for Interpleader filed by TIAA-CREF [Dkt. 51], it is hereby ORDERED:

- TIAA-CREF is DISMISSED from the Amended Complaint [Dkt. 44], with prejudice;
- Wisconsin Province and defendants Audrey F. Cassem, Thomas F. Owens, II, and Neil Kraner, in his capacity as Temporary Administrator of the Estate of Edwin H. Cassem, shall interplead their respective claims amongst

themselves to determine the appropriate party to receive the subject proceeds or any portion thereof;

- TIAA-CREF shall deposit the proceeds of the disputed retirement accounts with the Clerk of Court;

- TIAA-CREF and its subsidiaries, affiliates, agents, and employees shall be discharged from any and all liability under the subject annuity contracts and on account of the death of Edwin H. Cassem, unless any party plausibly alleges bad faith on the part of TIAA-CREF with respect to the beneficiary designation of the disputed accounts;

- This dismissal is without costs or fees to either party.

                IT IS SO ORDERED

                _____/s/_____

                Hon. Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut: March 19, 2019