# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WISCONSIN PROVINCE OF THE SOCIETY OF JESUS** | : : : | |
| Plaintiff, | : : | CASE NO. 3:17-cv-01477-VLB |
| V. | : : : | |
| **AUDREY V. CASSEM, ET AL.,** | : : | May 21, 2019 |
| Defendants. | : | |

## PROPOSED QUALIFIED PROTECTIVE ORDER

**WHEREAS**, the Wisconsin Province of the Society of Jesus (the "Province") has filed this action against Audrey Cassem ("A. Cassem"), Thomas Owens, II ("Owens"), the Teachers Insurance and Annuity Association and College Retirement Equities Fund ("TIAA-CREF"), and Neil Kraner in his capacity as Temporary Administrator of the Estate of Edwin H. Cassem ("Kraner");

**WHEREAS**, the production of documents by third parties in response to subpoenas served by the Province will require the production of documents that contain "protected health information" that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the privacy regulations promulgated thereunder (45 C.F.R. § 164.500 *et seq.*) ("Qualified HIPAA Information");

**WHEREAS**, the Province wishes to obtain documents responsive to the subpoenas it served on third parties while at the same time protecting Qualified HIPAA Information;

**WHEREAS,** the United States District Court for the District of Connecticut finds that a Qualified Protective Order as authorized by 45 C.F.R. § 164.512 is necessary, and for other good cause.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to subpoena, receive, produce and transmit protected health information pertaining to Edwin H. Cassem to the extent and subject to the conditions set forth herein.

2. For purposes of this Qualified Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103, including, but not limited to, information related to:

    a. The past physical and/or mental condition of Edwin H. Cassem;

    b. The provision of care to Edwin H. Cassem; and

    c. The payment for care provided to Edwin H. Cassem which identifies Edwin H. Cassem or which reasonably could be expected to identify Edwin H. Cassem.

3. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to Edwin H. Cassem to all attorneys in this Action.

4. The parties and their attorneys shall be permitted to use the protected health information in any manner reasonably connected with this Action, including but not limited to, disclosure to the parties and their attorneys,

experts, consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.[1]

5. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense, including any appeal therefrom, of the Action, and shall not be used for any other purpose.

6. Within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals, the parties, their attorneys, and any other persons that came into possession of the protected health information through this Action shall destroy the protected health information, including all copies made, except for protected health information that was submitted to the court.

7. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, or other lawful processes.

8. This Order does not control or limit the use of protected health information pertaining to Edwin H. Cassem that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

---

[1] *See United States of America v. Camillo*, 233 F.R.D. 520, 522 (S.D. Ill. 2005) ("HIPAA permits protected health information to be revealed in a response to a discovery request, if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order… The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation, and require the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.").

SO ORDERED this __21__ day of __May__, 2019.

                                                      /s/
                              **Hon. Vanessa L. Bryant**
                              **United States District Judge**