UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WISCONSIN PROVINCE OF<br>THE SOCIETY OF JESUS | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-01477-VLB |
| v. | : | |
| AUDREY V. CASSEM, ET AL., | : | |
| Defendants. | : | MAY 21, 2019 |

## QUALIFIED PROTECTIVE ORDER

WHEREAS, the Wisconsin Province of the Society Of Jesus (the "Province") has filed this civil action against Audrey V. Cassem ("A. Cassem"), Thomas J. Owens, II ("Owens"), Teachers Insurance And Annuity Association and College Retirement Equities Fund ("TIAA-CREF"), and Neil W. Kraner, Esquire in his capacity as Temporary Administrator of the Estate of Edwin H. Cassem ("Kraner");

WHEREAS, the production of documents by third parties in response to subpoenas served by the Province and/or A. Cassem and Owens (together the "Subpoenaing Parties") will require the production of documents that contain "protected health information" that is protected from unauthorized disclosure by the Health Insurance Portability And Accountability Act Of 1996 ("HIPAA"), and the privacy regulations promulgated thereunder (45 C.F.R. § 164.500 *et seq.*) ("Qualified HIPAA Information");

WHEREAS, the Subpoenaing Parties wish to obtain documents responsive to the subpoenas they serve on third parties while at the same time protecting Qualified HIPAA Information;

WHEREAS, TIAA-CREF has previously been dismissed from this civil action and the Province, A. Cassem, Owens and Kraner have consented to entry of this Qualified Protective Order; and

WHEREAS, the United States District Court for the District Of Connecticut finds that a Qualified Protective Order, as authorized by 45 C.F.R. § 164.512, is necessary and for other good cause.

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Subpoenaing Parties and their attorneys in the above-captioned matter (the "Action") are hereby authorized to subpoena, receive, produce and transmit protected health information pertaining to Edwin H. Cassem to the extent and subject to the conditions set forth herein.

2. For purposes of this Qualified Protective Order, "protected health information" shall have the same definition as set forth in 45 C.F.R. § 160.103 including, but not limited to, information related to:

    a. The past physical and/or mental condition of Edwin H. Cassem;

    b. The provision of health care to Edwin H. Cassem; and

    c. The payment for health care provided to Edwin H. Cassem which identifies Edwin H. Cassem or which reasonably could be expected to identify Edwin H. Cassem.

3. All "covered entities", as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to Edwin H. Cassem to all attorneys who have filed an appearance in this Action. Each disclosure of protected health information shall be made in electronic format in compliance, to the fullest extent possible, with the Health Information Technology For Economic And Clinical Health Act (HITECH Act) of 2009. All Subpoenaing Parties agree to promptly deliver a complete copy of all protected health information and all other documents received from each covered entity, in response to any and all subpoenas for records, to all opposing counsel within five (5) business days of the actual receipt of such records.

4. The parties and their attorneys shall be permitted to use and disclose the protected health information in any manner reasonably connected with this Action including disclosure to the parties and their attorneys, experts, consultants, the Court, any appellate court, court reporters, necessary court personnel, copy services, trial consultants, jurors, and other persons and entities involved in the litigation process.[1]

5. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense of the Action, including any appeal therefrom, and shall not be used for any other purpose.

---

[1] *See United States of America v. Camillo*, 233 F.R.D. 520, 522 (S.D. Ill. 2005) ("HIPAA permits protected health information to be revealed in a response to a discovery request, if the parties agree to a protective order and have presented it to the Court, or have asked the Court for a protective order... The protective order should prohibit the use or disclosure of the protected health information for any purpose other than the litigation, and require the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.").

3

6. Within sixty (60) days after the conclusion of this Action, including the exhaustion of all appeals, the parties, their attorneys, and any other persons that came into possession of the protected health information through this Action shall destroy the protected health information, including all copies made, except for protected health information that was submitted to the Court.

7. Notwithstanding the above requirement to destroy protected health information, counsel may retain (1) attorney work product, including an index that refers or relates to designated protected health information, so long as that work product does not duplicate verbatim substantial portions of protected health information; (2) one complete set of all documents filed with the Court including those filed under seal; and (3) email communications (including attachments to email communications), deposition transcripts and/or drafts or final expert reports that contain protected health information. Any retained protected health information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose protected health information.

8. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, or other lawful processes. None of the parties have waived their right to appropriately raise any objection or privilege that may be timely asserted.

9. Nothing in this Order shall permit counsel for any party to engage in ex parte communications with any covered entity, as defined in 45

C.F.R. § 160.103, except as may be necessary to comply with any subpoena served on the covered entity and/or trial scheduling.

10. This Order does not control or limit the use of protected health information pertaining to Edwin H. Cassem that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

SO ORDERED this __21__ day of __May__, 2019.

/s/
Hon. Vanessa L. Bryant
United States District Judge