UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WISCONSIN PROVINCE OF THE SOCIETY OF JESUS Plaintiff, | : : : : | No. 3:17-cv-01477 (VLB) |
| v. | : : : | August 22, 2019 |
| AUDREY V. CASSEM, ET AL. Defendants. | : : : : : | |

**MEMORANDUM OF DECISION ON WITNESS SANDRA GERSTEN'S EMERGENCY MOTION FOR A PROTECTIVE ORDER TO MODIFY SUBPOENA AND TO QUASH**

Before the Court is an emergency motion filed by Witness Sandra Gersten ("Attorney Sandra Gersten") [Dkt. 94] for a Protective Order and to Modify a Subpoena and to Quash a third-party subpoena pursuant to Local Rule 7 and Fed. R. Civ. P. 45. Attorney Sandra Gersten's deposition is currently scheduled for August 23, 2019. The Motion was DENIED without prejudice to refiling because the initial motion did not contain a copy of the contested subpoena. The Plaintiff, Wisconsin Province of the Society of Jesus ("Province"), filed an opposition memorandum in anticipation of refiling. [Dkt. 98]. Attorney Sandra Gersten's motion was refiled with the challenged subpoena on August 21, 2019.

Upon review of the contested subpoena and the parties' briefing, Attorney Gersten's Motion to Quash or Modify the Deposition Subpoena is DENIED. The deposition shall proceed on August 23, 2019. The Court will permit objections to questions calling for disclosure of privileged material and will rule on any objection

1

raised in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and Chamber Practices.

The Court GRANTS in PART the Motion to Modify the Subpoena solely as to Document Requests Nos. 33 and 35 to permit a properly raised objection within seven (7) days. As to Document Requests Nos. 1-32 and 34, the Motion is DENIED. The witness is ordered to respond within seven (7) days.

## Factual background

This matter involves a dispute over entitlement to two retirement accounts held by the late Rev. Edwin H. "Ned" Cassem. In the remaining claims, the Province asserts that a subsequent beneficiary designation naming Audrey Cassem and Thomas F. Owens, II is invalid because Fr. Cassem lacked capacity and/or it was obtained by undue influence. [Dkt. 44, Amended Complaint]; *see also* [Dkt. 74, Order Dismissing Counts 1 and 4]. Third party witness Attorney Gersten was Fr. Cassem's estate planning attorney. *See* [Dkt. 54]. Attorney Peter S. Gersten, represents Defendants Audrey V. Cassem and Thomas Owens, II. [Dkt. 12, 13, respectively]. In her motion to quash, Attorney Sandra Gersten asserts that she is also Audrey Cassem's attorney but did not file an appearance because she knew that she would be a witness. [Dkt. 99 at 4].

On July 24, 2019, Province personally served Attorney Gersten with a deposition subpoena on July 24, 2019. [Dkt. 99-1]. The deposition was first scheduled to occur in Hartford, Connecticut on August 9, 2019. [Dkt. 98-1]. Province also served Attorney Gersten with a second subpoena to produce

2

documents on July 26, 2019, which was returnable August 7, 2019. [Dkt. 98-2]. Attorney Peter Gersten contacted counsel for Province on July 29, 2019 stating that Attorney Sandra Gersten was recovering from surgery and requested available dates for a two (2) to three (3) week postponement [Dkt. 99-3]. The next day, counsel for Province asked whether Attorney Peter Gersten represented Attorney Sandra Gersten. [Dkt. 99-4]. Eight days later, Attorney Peter Gersten clarified that he did not represent Attorney Sandra Gersten. [Dkt. 99-5]. That day, Attorney Sandra Gersten stated that she was unavailable for her August 9th deposition and requested counsel's availability between August 23 and September 13, 2019. She also stated that she was deciding whether to retain counsel. [Dkt. 99-6].

In reply, counsel for Province re-noticed her deposition for August 23, 2019 and offered to reschedule if Attorney Sandra Gersten replied by August 9th, three days later. [Dkt. 99-7]. She stated that she was unavailable on August 23rd but did not provide alternate dates in August when requested. [Dkt. 99-8]. Province's counsel replied that they would proceed with her deposition as scheduled unless she provided her availability by August 14th. [Dkt. 99-9]. On August 15th, Attorney Joseph Hourihan emailed Province's counsel advising that he represents Attorney Sandra Gersten and suggested deposition dates in September. [Dkt. 99-10]. Province's counsel objected to rescheduling the deposition for September but offered to reschedule later in August. [Dkt. 99-12]. Attorney Hourihan replied by email that he was unavailable because of pending trials, that he would be filing a Motion for Protective Order, and that counsel should consider demands to reply by certain dates as denied. [Dkt. 99-13].

3

## Discussion

Attorney Sandra Gersten raises two objections to the subpoena. [Dkt. 99] First, she challenges the timing of the deposition because recently retained counsel needs additional time to prepare. Second, she argues that the only two remaining areas of discovery documents sought cover purportedly privileged communications between Attorney Sandra Gersten and other attorneys regarding Audrey Cassem and the subject of the lawsuit. The Province argues that the motion is untimely, that further delay is unwarranted, and the informational sought is not privileged.

   a. **The emergency nature of the filing**

Pursuant to Local Rule 7(a)(6), "a party may request expedited consideration by the Court of a motion by designating the motion as one seeking "emergency" relief and demonstrating good cause in the motion." The Court finds that the emergency nature of the motion dubious. Attorney Sandra Gersten was on notice of her deposition on July 24, 2019 and had adequate time to prepare and retain counsel. This matter has been pending since September 1, 2017 and the discovery deadline is November 1, 2019. [Dkt. 83]. Moreover, Attorney Sandra Gersten has been aware of this case for several months and expected to be called as a witness. *See* [Dkt. 54]; [Dkt. 99 at 4].

   b. **The Deposition Subpoena**

To be timely, an objection to a subpoena for a third party's deposition must be made prior to the return date of the subpoena. See *Estate of Ungar v. Palestinian*

*Auth.,* 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006). Here, the original return date for the deposition subpoena was August 9, 2019 but it was extended until August 23rd when the deposition was re-noticed. See *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 238 F. Supp. 2d 270, 278 (D.D.C. 2002)("it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition")(internal citation omitted). Given the extension, the return date for the deposition subpoena is August 23, 2019. Thus, the objection to the deposition is timely because it was brought before Attorney Sandra Gersten's currently scheduled deposition.

This Court takes a "flexible approach" with respect to lawyer depositions "taking into account all relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." See *Rubis v. Hartford Fire Ins. Co.,* No. 3:11CV796 WWE, 2012 WL 996530, at *1 (D. Conn. Mar. 23, 2012). "Such facts to be considered "may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Tucker v. Am. Int'l Grp., Inc.*, No. 3:09-CV-1499 CSH, 2012 WL 314866, at *13 (D. Conn. Jan. 31, 2012). Attorney Sandra Gersten's motion to quash the deposition fails to show the imposition of an inappropriate burden or hardship with particularity. Her motion is limited to a statement that she also represents Audrey Cassem without supporting facts. [Dkt. 99 at 4].

The timing of Attorney Sandra Gersten's deposition is reasonable. Under Fed. R. Civ. P. 45(d)(3)(A)(i), a court is required to quash a subpoena when it "fails to allow a reasonable time to comply." Rule 45 does not define a "reasonable time." Courts have nevertheless found that 14 days from the date of service is presumptively reasonable. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *1 (E.D.N.Y. Feb. 5, 2010), *report and recommendation adopted in part*, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010); see also *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891-VLB, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017)(briefly surveying time to comply standards in the Second Circuit).

Here, the deposition subpoena was served on July 24, 2019. The original date of compliance was August 9th and then August 23rd. Both dates are well beyond the presumptively reasonable two-week period. Attorney Sandra Gersten had amble time to prepare and retain counsel. This is especially true because she is a practicing attorney and should be aware of her response obligations to the subpoena. She also represents that she decided not to file an appearance on behalf of the Defendant because she expected to be called as a witness. [Dkt. 99 at 4]. Counsel for Province offered Attorney Sandra Gersten several opportunities to reschedule her deposition within the month of August. The deposition was also scheduled within the period that Attorney Sandra Gersten requested. [Dkt. 99-6]. Accordingly, the deposition of Attorney Sandra Gersten will proceed on August 23,

2019. For reasons set forth below, counsel for Attorney Gersten may raise objections during the deposition.

### c. The Document Subpoena

Fed. R. Civ. P. 45(d)(3) governs motions to quash or to modify a subpoena. *Paslar v. Stamford Hosp.*, No. 3:16CV01645(JCH), 2017 WL 3055508, at *3 (D. Conn. July 19, 2017). Here, Attorney Sandra Gersten's is moving to quash or modify the subpoena pursuant to Rule (d)(3) because the subpoena "…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."[1]

The subpoena *duces tecum* was served on July 26, 2019 and returnable on August 7, 2019. Unlike the re-noticed deposition, no extension was sought by Attorney Sandra Gersten. Thus, the motion to object to the July 26th subpoena *duces tecum* is untimely because the time for compliance has past. *Estate of Ungar*, 451 F. Supp. 2d at 610 (S.D.N.Y. 2006). "District courts, however, have broad discretion over the decision to quash or modify a subpoena, and a number of courts in this Circuit have exercised their discretion to consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case

---

[1] "Fed Civ. R. P. 45(d)(2)(B) governs objections to the production of documents or tangible things sought by a subpoena and provides that any "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B)….Rule 45(d)(3) governs motions to quash or to modify a subpoena." *Paslar v. Stamford Hosp.*, No. 3:16CV01645(JCH), 2017 WL 3055508, at *3 (D. Conn. July 19, 2017). Here, Attorney Sandra Gersten's motion related to the discovery documents falls under Rule(d)(3). It is nevertheless untimely under either rule.

law." *Paslar*, No. 3:16CV01645(JCH), 2017 WL 3055508, at *3. The Court will exercise its discretion to consider the claim for attorney client privilege.

### d. Attorney Client Privilege

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial to be discoverable. *Id* "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must ... describe the nature of the withheld documents ... in a manner that ... will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)." *Parker v. Stone,* No. CIV.A. 3:07-CV-00271, 2009 WL 1097914, at *1 (D. Conn. Apr. 21, 2009). Additionally, pursuant to Local Rule 45, "unless excused by the Court or the party issuing the subpoena, a non-party responding to a subpoena and claiming privilege as to any document must prepare a privilege log in accordance with Local Rule 26(e) to satisfy the requirements of Fed.R.Civ.P. 45(e)(2)." Attorney Sandra Gersten's motion does not meet the particularity requirement of Fed. R. Civ. P. 45(e)(2), nor did she provide a privilege log in accordance with Local Rule 45.

Nevertheless, Document Request Nos. 33 and 35 [Dkt. 98-2, at 5] implicate potentially privileged material on their face:

> *33. All communications between you and any other attorney, including, but not limited to Peter Gersten, concerning Audrey Cassem.*
>
> *35. All communications between you and any other attorney, including, but not limited to Peter Gersten, concerning this lawsuit.*

Attorney Sandra Gersten has also asserted that she is co-counsel for Defendant Audrey Cassem. [Dkt. 99 at 4]. The Court cannot evaluate the potential applicability of privilege without sufficiently specific information as set forth in Fed. R. Civ. P. 45(e)(2).

## Conclusion

Attorney Sandra Gersten's motion to quash her deposition is DENIED. It shall occur on August 23, 2019. During the deposition her counsel may object to any questions that implicate a privilege. Her counsel is directed to the Court's Notice to Parties Regarding Discovery Disputes, and the applicable Local and Federal Rules Civil Procedure regarding any objections.

The Motion Modify the Subpoena *duces tecum* is GRANTED IN PART. Attorney Sandra Gersten shall respond to all Document Requests contained in the July 26, 2019 subpoena, except for Nos. 33 and 35, within seven (7) days of this ruling. Any objection to Nos. 33 and 35 must be raised within seven (7) days of this ruling. Counsel for Attorney Sandra Gersten is ordered to appear for the discovery status telephonic conference scheduled for September 4, 2019 at 4:00pm. [Dkt. 84].

                                            IT IS SO ORDERED.

                                            _____/s/_____
                                            Hon. Vanessa L. Bryant
                                            United States District Judge

Dated at Hartford, Connecticut: March 22, 2019.