UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WISCONSIN PROVINCE OF<br>THE SOCIETY OF JESUS<br>    Plaintiff,<br><br>v.<br><br>AUDREY V. CASSEM, ET AL.<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 3:17-cv-01477 (VLB)<br><br>September 27, 2019 |

By letter transmitted via facsimile to Chambers on September 25, 2019, Defendant Audrey Cassem requested a telephonic discovery dispute conference to address the Defendants' objections to third party subpoena seeking banking records for Ms. Cassem and the decedent. The next day, Attorney Gregory Bennici for the Plaintiff and the Attorney Peter Gersten for the Defendant jointly called Chambers to discuss scheduling a joint telephone conference. Because the parties failed to comply with the Chamber's Practices governing discovery disputes and the Defendant's objections are facially invalid or inadequate, the request for a telephonic conference is DENIED.

The subpoena at issue seeks "all banking records" of the decedent and Ms. Cassem from the period of January 1, 2009, through and including July 31, 2015. The Defendant objects on the grounds that the request for Ms. Cassem's banking records, as the sole account holder, is "overly broad, overly intrusive, beyond the scope of permissible discovery, not narrowly tailored to lead to the discovery of admissible evidence, and an invasion of Ms. Cassem's privacy." There is no objection to the discovery of the decedent's banking records.

1

**Chambers practices require that "Parties should jointly contact Chambers no later than Wednesday at 5pm to request a conference for Friday of the same week. Parties must file a short letter brief 1) describing the discrete legal issue in dispute and 2) applying the legal authority for each party's position immediately prior to contacting Chambers." [Dkt. 7 at 5-7]. Chambers received the Defendant's letter brief on Wednesday at 4:59 ET, however, the letter brief does not discuss the legal authority for either the Defendant's or the Plaintiff's position. During the parties' call with Chambers, the Plaintiff did not raise any specific objections to Defendant's categorization of their position in the Defendant's letter brief.**

**The Defendant's letter brief fails to address how Ms. Cassem has standing to challenge the third-party subpoena served on People's United Bank.**

> **"When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty. In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. If, however, a party claims a personal right or privilege regarding the production or testimony sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena."**

*United States Reg'l Econ. Dev. Auth., LLC v. Matthews*, No. 3:16-CV-01093 (CSH), 2018 WL 2172713, at *7 (D. Conn. May 10, 2018) (citing 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.50[3] (3d ed. 2017)).

**Thus, as the Defendant is challenging a third-party subpoena, the limited issue is whether Ms. Cassem has a valid assertion of a personal right or privilege in the banking records sought from non-party People's United Bank. While the Defendant has asserted a right to privacy in general terms, the letter brief provides no any legal authority for the Court to evaluate this claim.**

The Defendant's challenge based on burden or relevance of the records may only be raised by the entity to which the subpoena is directed. *United States Reg'l Econ. Dev. Auth., LLC,* 2018 WL at *8. (citations omitted). Moreover, even if the Defendant had standing to raise these arguments, the letter brief fails to address Fed. R. Civ. P. 26(b)(1)'s proportionality standard. The advisory committee notes make clear that the proportionality standard does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 Advisory Committee Notes to 2015 Amendment. No weighing of the Fed. R. Civ. P. 26(b)(1) factors is offered, which requires a reasonable inquiry into the relative burdens of production.

For these reasons, the Defendant's request for a discovery dispute teleconference is DENIED. The parties may renew their request for a discovery dispute telephone conference on the narrow issue of whether Ms. Cassem has an individual right or privilege to quash the subpoena. The parties must file a joint letter brief with citations to legal authority no later than October 1, 2019. Any future requests for a discovery telephonic conference must comply with Chambers practices or it will be summarily denied. Nothing in this Order limits the non-party respondent from raising objections pursuant to the Federal Rules of Civil Procedure.

        IT IS SO ORDERED.

        _____/s/_____
        Hon. Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: September 27, 2019